## Calista Pierce, Appellee, v. Eugene G. Pierce et al., Appellants.

### Gen. No. 24,382.    (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed July 10, 1918.

## Statement of the Case.

Bill by Calista Pierce, complainant, against Eugene G. Pierce, Mary P. Goodison, George Allan Goodison, her husband, George B. Williams and Charles Hudson, defendants, to set aside an oral contract for the transfer of certain personalty and for a temporary injunction to restrain defendants from transferring, assigning, incumbering or disposing of certain shares of stock and from receiving dividends thereon, and also for the appointment of a receiver to take and hold such stock pending a hearing. From an order appoint-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing the receiver and directing defendants to turn over the stock to him, defendants Pierce and Williams appeal.

CHARLES HUDSON, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. MOTIONS, § 11*—*when failure to comply with rule as to notice of is immaterial.* An order appointing a temporary receiver, entered in a matter of emergency, will not be reversed because the rule of the Superior Court requiring that where no attorney or solicitor has appeared of record, notice shall be given the opposite party 24 hours before the hearing of the motion, and that the notice be written, was not complied with, where it appears that defendants were represented by counsel on the application for the appointment of the receiver.

2. MOTIONS, § 11*—*what is essential to dispensing with rule as to notice of.* To warrant the dispensing with the 24-hour notice of motions required by the Superior Court rules, it is not necessary that there be a finding of record by the trial judge that the matter is one of emergency.

3. RECEIVERS, § 3*—*when order appointing temporary not disturbed.* It is no ground for reversing an order appointing a temporary receiver of property, the sale or incumbering of which has been enjoined, that the persons enjoined are responsible persons and will not be presumed to intend a violation of the injunction.

4. INJUNCTION, § 189*—*when bill presents prima facie case for against transfer or incumbering of corporate stock.* A prima facie case is stated by a bill to restrain the transfer or incumbering of certain shares of stock in a business corporation by allegations that complainant inherited the business from her deceased husband, which she afterwards incorporated; that she transferred the certificates of stock to certain of the defendants in consideration of their oral promise to allow complainant sufficient money to support herself during her lifetime; that such defendants further

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

agreed not to transfer any of the stock during her lifetime; that in violation of this agreement a certain defendant transferred some of the stock and threatened to transfer more of it, and refused complainant the support promised, although demanded by her.

5. ˙ Injunction, § 174*—*when corporation not necessary party defendant.* On a bill to enjoin certain persons from transferring or incumbering shares of corporate stock alleged to belong to defendants and for the appointment of a temporary receiver to take charge of the stock, to which the stockholders and officers of the corporation are made defendants, the corporation is not a necessary party so as to make a failure to join it a ground for the reversal of the order appointing the receiver.

6. Receivers, § 3*—*when appointment is proper.* The appointment of a receiver to take charge of personalty and maintain its *status quo* pending the decision of the court upon a bill which has been brought to enjoin the transfer or incumbering of the property is proper.